UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80998-CIV-MARRA/MATTHEWMAN

TWIN CITY FIRE INSURANCE COMPANY,
a foreign company,

Plaintiff,

vs.

CR TECHNOLOGIES, INC., a Florida
corporation,

Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant CR Technologies, Inc.'s Motion to Dismiss and/or Stay the Case Pending Resolution of State Court Action (DE 10).  The motion is fully briefed and ripe for review.

On October 3, 2013, Plaintiff Twin City Fire Insurance Company ("Twin City") filed a declaratory judgment action against Defendant CR Technologies, Inc. ("CR") to determine coverage under a liability insurance policy for a final judgment entered in state court in Palm Beach County, Florida.  (Compl. ¶ 1.)  Twin City is a Connecticut corporation with its principal place of business in Connecticut.  It issued a directors and officers liability insurance policy to U.S. Datanet Corporation ("Datanet"). (Compl. ¶ 5.)  CR is a Florida corporation with its principal place of business in Florida which entered into a contract with Datanet.  The underlying state court lawsuit was brought by CR against Datanet and others alleging breach of  contract and

theft of the computer systems.[1] (Compl. ¶ 6.)

On November 17, 2013, CR filed a declaratory judgment action against Twin City as well as other insurers in the Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County, case number 502013CA017217XXXXMB.  (State court compl. in case no. 502013CA017217XXXXMB.)  On December 19, 2013, Twin City and the other defendant insurers filed a Notice of Removal of that case in this Court, which was assigned case number 13-81310-civ.  (Notice of Removal, DE 1, case number 13-81310-civ.)

CR now moves to dismiss and/or stay this action pending resolution of the state court action 502013CA017217XXXXMB.  Twin City opposes this request, pointing out that the state court action has now been removed to this Court.  In reply, CR states that the removal of case number 13-81310-civ was improper and that the case should be remanded.

CR relies upon the Brillhart doctrine.  Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942).  "Brillhart is used to avoid uneconomical as well as vexatious actions where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Northern Ins. Co. of N.Y. v. David Nelson Const. Co., 41 F. Supp. 2d 1332, 1339 (M.D. Fla. 1999). See, e.g., Sherwin–Williams Co. v. Holmes County, 343 F.3d 383, 390–91 (5th Cir. 2003) ("if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit"); Canal Ins. Co. v. Morgan, No. 06-0727-WS-M, 2007 WL 174387, at * 1 (S.D. Ala. Jan. 19, 2007)

---

[1] Case number 50-2008-CA-009159-XXXX-MB-AO, Fifteenth Judicial Circuit, Palm Beach County, Florida.  (Compl. ¶ 9.)

(dismissing federal declaratory action in favor of pending parallel state court action where "identical insurance coverage issues relating to the Policy are being litigated in both the Clarke County action and the instant declaratory judgment action"); Progressive Specialty Ins. Co. v. Bailey, No. 06-0289-WS-C, 2006 WL 2091749, *4 (S.D. Ala. July 25, 2006) (dismissing federal declaratory action in favor of pending parallel state court action regarding insurance coverage where "[i]dentical claims for declaratory relief are now before the state court and this Court.").

Here, there is no dispute that the state court case has been removed to this federal court. In the absence of a parallel state court proceeding, there is no legal basis for CR's request for the Court to dismiss or stay the case under the Brillhart doctrine.[2]

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant CR's Motion to Dismiss and/or Stay the Case Pending Resolution of State Court Action (DE 10) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of April, 2014.

                    KENNETH A. MARRA
                    United States District Judge

---

[2] The Court notes that there is pending motion for remand in the case no. 13-81310-civ. The Court is simultaneously denying that motion.